Citation Nr: 1725277 
Decision Date: 06/30/17 Archive Date: 07/18/17

DOCKET NO. 10-32 158 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent for gastroesophageal reflux disease (GERD) with irritable bowel syndrome (IBS).

2. Entitlement to a disability rating in excess of 10 percent for lumbar spine degenerative joint disease.

3. Entitlement to a compensable disability rating for a left hand scar.

4. Entitlement to a compensable disability rating for plantar fasciitis of the right foot with heel spur and fractured right fourth toe prior to November 15, 2011, and a disability rating in excess of 10 percent as of that date.

5. Entitlement to a compensable disability rating for residuals of a right ankle fracture.

6. Entitlement to a disability rating for posttraumatic stress disorder (PTSD) in excess of 50 percent prior to December 27, 2011, and in excess of 70 percent as of that date.
7. Entitlement to a disability rating in excess of 10 percent for retained shrapnel of the left (minor) hand (thenar eminence).


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

A.M. Clark, Counsel


INTRODUCTION

The Veteran served on active duty from October 1986 to February 1987, and from April 1996 to February 2007. He served in Iraq from September 13, 2003 to April 5, 2004, and again from October 3, 2005 to September 27, 2006. His decorations include the Purple Heart and the Combat Action Badge.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

This case was initially before the Board in April 2016 when the case was remanded in order to afford the Veteran a hearing before a local RO hearing officer and to readjudicate all the claims on appeal. In an October 2016 statement, the Veteran indicated that he no longer wanted a personal hearing. The Board considers his hearing request withdrawn. The appeal is again before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As indicated above, the Board remanded the appeal in April 2016, in part, for the Veteran to be afforded a hearing before a local RO hearing officer and to readjudicate all the claims on appeal. In an October 2016 statement the Veteran indicated that he no longer wanted a personal hearing. Unfortunately, the RO did not readjudicate the claims or promulgate a supplemental statement of the case (SSOC), as had been requested by the Board in its April 2016 Remand. 

A remand by the Board imposes upon the Secretary of VA a concomitant duty to ensure compliance with the terms of the remand. Where the remand orders are not complied with, the Board errs in failing to insure compliance. Stegall v. West, 11 Vet. App. 268 (1998). Because there was not compliance with the remand instructions, the Board is compelled to remand the appeal for appropriate adjudicatory consideration of his claims and the promulgation of an SSOC. Id; see also 38 C.F.R. §§ 19.9, 19.31(c) (2016).

The Board also notes that the Veteran was last afforded VA examinations for many of his claimed disabilities in May 2010. While December 2011 VA examinations were provided for his spine, left hand scar, GERD, and retained shrapnel, the VA examiner did not actually complete the examination report as to those disbilities, noting that the Veteran was not claiming issues with these disabilities. Examinations for his PTSD, right foot and right ankle were completed in November 2011 (foot, ankle) and December 2011 (PTSD). The Veteran's statements, and evidence of record, indicate that his disabilities may have worsened since his last VA examinations. As the Board is remanding to readjudicate the claims, the Board finds that additional VA examinations should be provided to the Veteran in order to determine the current nature and severity of his service-connected disabilities. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). On remand, the AOJ should also obtain and associate with the claims file all outstanding VA and private treatment records. 

Additionally, the Board notes that the Veteran's representative was not provided the opportunity to submit a VA Form 646, 'Statement of Accredited Representative in Appealed Case.' It is VA's policy to afford the representative the opportunity to submit a VA Form 646. Therefore, on remand the Veteran's representative should be afforded the opportunity to submit a VA Form 646 in support of the Veteran's claims.

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran and obtain the names, addresses and approximate dates of treatment for all medical care providers, VA and non-VA, who have treated the Veteran for his claimed disabilities and obtain all identified treatment records that are not currently present in the claims file. 

Regardless of whether the Veteran responds, all outstanding VA treatment records should be obtained.

2. Following the development in Remand paragraph 1, schedule the Veteran for VA examinations to determine the nature and severity of his service-connected GERD with IBS, lumbar spine degenerative joint disease, left hand scar, plantar fasciitis of the right foot with heel spur and fractured right fourth toe, residuals of a right ankle fracture, PTSD, and retained shrapnel of the left (minor) hand (thenar eminence). 

The Veteran's claims file must be provided to the examiners. The examiners must obtain a detailed clinical history from the Veteran. All pertinent pathology found on examination must be noted in the report of the evaluation. Any testing deemed necessary must be performed. All opinions offered must be accompanied by a clear rationale consistent with the evidence of record. 

3. After completing the above, and any other development deemed necessary, readjudicate the issues currently on appeal with consideration of all applicable laws and regulations. If any benefit sought on appeal remains denied, issue the Veteran and his representative a supplemental statement of the case and allow the appropriate time for response. The RO should obtain a VA Form 646 or its equivalent from the Tennessee Department of Veterans' Affairs addressing the issues on appeal. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).